**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-40366
Summary Calendar

JACK JOHNSON,

Plaintiff-Appellant,

VERSUS

JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(No. 6:94-CV-452)

January 25, 1996

Before REAVLEY, GARWOOD, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Jack Johnson, an inmate currently incarcerated in the Texas Department

of Criminal Justice, Institutional Division, ("TCDJ-ID") appeals the dismissal of his *pro se*

civil rights complaint.  In his suit Johnson, an admitted homosexual serving a life sentence

for rape, alleged that defendants' refusal to place him on safekeeping[1] status while housed

in the general population of the Michael Unit constituted deliberate indifference to his

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] Inmates on safekeeping status eat and work with those in general population but are housed separately.  Safekeeping is different from protective custody, which offers 24-hour protection, and is the highest level of security.

safety needs. He complained that he was constantly harassed by other inmates who subjected him to assaults, rape, and extortion, and that defendants knew of this abuse but failed to take any remedial action. He sought damages, declaratory relief, and an injunction ordering the defendants to place him on safekeeping status. After an evidentiary hearing, the district court dismissed his suit with prejudice after adopting the report and recommendation of the magistrate judge.

Johnson filed no objections to the magistrate judge's report and recommendation. Therefore, we review her factual findings only for plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982) (*en banc*).

Johnson first complains the district court erred in dismissing his complaint because the magistrate judge proceeded without two of his witnesses, Dr. Orloff and Captain G. Goodwell. The record reflects that Johnson's suit was not filed *in forma pauperis* and he had paid the required filing fee.[2] He had submitted a witness list indicating he wished to call Israel Alvarez, a member of the State Classification Committee, Dr. Orloff, the psychologist for the Michael Unit, and G. Goodwell of the Michael Unit Internal Affairs Division, who would "testify to events that form the basis of this lawsuit." He gave the court no specific testimony to demonstrate the materiality of the missing witnesses. Further, there is no indication that he requested the magistrate judge to issue subpoenas for any of these individuals, nor does the record reflect that he paid for issuance of subpoenas. At the commencement of the hearing, after the magistrate advised Johnson that none of his witnesses were present, Johnson made no objection and affirmatively agreed to proceed without them. Under these circumstances, the magistrate judge did not err in proceeding without these witnesses.

Johnson next argues the defendants failed to comply with the magistrate judge's order to produce the TDCJ-ID classification plan. He needed this document, he claims,

_____

[2] Johnson is proceeding *in form pauperis* on appeal.

2

in order to rebut the defense witnesses' testimony that safekeeping status is not designed for homosexuals but for weak inmates who would have problems if placed in general population. We find nothing in the record which indicates that Johnson informed the district court of the defendants' failure to comply with the magistrate judge's order.

Johnson next argues the district court erred in failing to grant his motion for a preliminary injunction. Although this argument is moot in light of the district court's dismissal of his suit, Johnson has filed a new motion for injunctive relief in this court requesting that defendants be ordered to place him on safekeeping. He complains that because he is a homosexual housed in general population, he has been threatened, forced into sex, and forced into paying for protection. However, the alleged incidents underlying Johnson's civil rights action occurred during his confinement in the Michael Unit. He has now been transferred to the Stiles Unit and does not allege that he has been subjected to such treatment there. Accordingly, we will deny his motion.

Finally, Johnson complains that the magistrate judge improperly considered an escape attempt and an alleged attempted rape of a female employee in finding that Johnson was not a suitable candidate for safekeeping. He argues that even after these incidents had occurred, he was placed back on safekeeping.

As stated previously, Johnson did not object to the magistrate's factual findings, and in order to prevail, he must show manifest injustice or plain error. The escape attempt occurred while Johnson was confined on the Ramsey II Unit. He was administratively convicted of the offense, placed in administrative segregation, and forfeited over a thousand days of goodtime credits. He was later transferred to the Ellis II Unit where he was placed on safekeeping.

The attempted rape involved several inmates and, due to lack of evidence, neither Johnson nor any of his alleged cohorts were ever disciplined. The record reflects that Johnson allegedly telephoned a female employee, pretending to be Warden Dretke, and

3

asked her to meet him to discuss some personnel matter. The woman became suspicious and reported the phone call so the meeting never took place. Whether it was attempted rape or a "possible hostage situation" as the incident was written up, is sheer speculation.

However, the magistrate did not rely solely on these two incidents to determine that Johnson was unsuitable for safekeeping. She also noted that, although Johnson has been on safekeeping during much of the time he has been in confinement, he has several times been removed at his own request, and has never sought protective custody. He is currently serving a life sentence for the kidnapping, beating and aggravated rape of a young woman, and he has a prior rape conviction. In addition to the attempted escape, his disciplinary record included fighting and sexual misconduct. Even though the Michael Unit classification committee repeatedly recommended Johnson's placement on safekeeping, the State Classification Committee rejected these requests because of Johnson's past history.

Finally, there was no credible evidence offered to support Johnson's assertions that his safety was endangered while on the Michael Unit. Although he did testify that he was sexually assaulted in September of 1994, and reported the assault, an investigation found no basis for his allegations. He appeared calm after the alleged assault and he elected not to prosecute the assailant. There was no evidence that any of the other alleged sexual assaults had occurred. For these reasons the magistrate judge found Johnson did not meet the criteria for safekeeping, and recommended that the district court find that he was not endangered by failure of prison officials to place him on safekeeping. Johnson has failed to show the existence of plain error or manifest injustice.

The judgment of the district court is AFFIRMED. It is further ordered that Johnson's motion for injunctive relief is DENIED.

AFFIRMED. INJUNCTIVE RELIEF DENIED.

4